[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14793
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-02599-JSM-AEP

TAMMY BERARD,

Plaintiff-Appellant,

versus

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tammy Berard appeals the district court's grant of summary judgment in favor of Defendant Target Corporation on her claim for negligence. While shopping at one of Target's stores, Berard slipped on a liquid substance on the floor. Although Berard did not fall, she suffered personal injuries as a result of the incident. No reversible error has been shown; we affirm.

We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). "Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003).

Under Florida law, a person who "slips and falls on a transitory foreign substance in a business establishment, . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Berard does not argue -- and nothing evidences -- either that Target caused the spill or had actual knowledge of the spill. Thus, to establish Target's liability under the statute, Berard must show that Target had constructive knowledge of the

spill.  "Constructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable."  Id.

Berard testified that the liquid substance on the floor appeared to be water. The liquid was "clean," "clear," and not "dirty."  The area around the spill was "clean and dry" and, although the spill was in a high traffic area of the store, Berard saw no footprints, cart tracks, or other marks through the spill.  Both Berard's daughter-in-law (who was with Berard at the time of the incident) and Target's store manager described the spill as "appear[ing] to be fresh."

Viewing this evidence in the light most favorable to Berard, she has not shown that the spill existed for such a length of time that Target should have known about it.  See Wal-Mart Stores, Inc. v. King, 592 So. 2d 705, 706-07 (Fla. Ct. App. 1991) (reversing a jury verdict in favor of a slip-and-fall plaintiff when the spilled substance displayed no "obvious signs of age, such as skid marks, smudges, dirt or the like" and nothing evidenced how or when the substance got on the floor).  Berard has also presented no evidence that spills occur with such regularity that the dangerous condition was foreseeable to Target.

We reject Berard's contention that this case is analogous to the Southern District of Florida's decision in Linares v. The Home Depot, U.S.A., Inc., No. 12-60308-CIV-MARRA/BRANNON, 2013 U.S. Dist. LEXIS 47506 (S.D. Fla. 2013). Although the district court in Linares considered -- as a factor -- that the store did not assign a specific employee to inspect the floors for debris, the court focused on evidence that the store caused the dangerous condition and that the dangerous condition was regularly occurring and, thus, foreseeable. These factors are not present here.

Berard's argument that Target should be held liable under a theory of negligent mode of operation[*] is foreclosed by her testimony that she was a regular shopper at Target's store, that the store always appeared to be clean and well-maintained, and that Target had done nothing wrong to contribute to the incident. See Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1091 (Fla. Ct. App. 2011) (noting that plaintiff's testimony that the facility was "always clean" foreclosed a theory of negligent operation). Berard has provided no evidence that her injuries resulted from a mode of operation employed negligently by Target.

No genuine issue of material fact exists. Summary judgment was proper.

AFFIRMED.

---

[*] "[T]he negligent mode of operation theory merely recognizes the common-sense proposition of negligence law that the duty of care required under the circumstances may consist of taking reasonable precautions so as to minimize or eliminate the likelihood of a dangerous condition arising in the first instance." Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 260 (Fla. 2002).